UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CAUSE NO. 1:18-CR-0230-BAH |
| JAMES PIERCE | § | |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE DESCRIBED IN THE GOVERNMENT'S PRIOR ACTS NOTICE

James Pierce files this motion in limine concerning the Government's August 16, 2019, notice of other acts evidence it intends to introduce at trial. The proposed evidence is not "intrinsic" to the alleged crimes in the indictment. Rather, the notice relates to entirely separate conduct that occurred, at the soonest, two years *after* the allegations contained in the indictment. And as events that happened years after the events charged in the indictment, they cannot logically show intent, knowledge, plan, or lack of mistake for the crimes alleged in the indictment. In other words, they are not relevant to any valid Rule 404(b) purpose. Finally, even if there is some relevancy to a valid 404(b) purpose, the probative value of the evidence is greatly outweighed by the danger of unfair prejudice and waste of time.

The evidence described in the government's August 16, 2019 notice, therefore, should be excluded from the trial.

1

## Background

I.  **The allegations of the indictment.**

Pierce is charged by indictment with one count of conspiracy to commit wire fraud and two counts of wire fraud. The indictment claims that Pierce was involved in a conspiracy to charge fees to alleged victims in exchange standby letters of credit (SBLCs), stating that the victims had access to funds in an account at Banco Popular Dominicano (BPD).

The alleged victims wanted, and paid for, the SBLCs so they could obtain financing for various commercial transactions. The government claims that the SBLCs sent to clients were fake and that they were never in fact sent to the receiving bank. The purported time frame for the conspiracy is from February 2011 to October 2013. (Indictment ¶ 11). The relative date for each of the two wire fraud claims is August 1, 2013. (Indictment ¶ 31).

II. **The government's notice of other acts evidence.**

On August 16, 2019, the government provided the defense a letter giving notice of two categories of other acts evidence it intends to use at trial against Pierce. The letter claims that the evidence is "intrinsic" to the charged crimes and, therefore, not subject to the limitations of FED. R. EVID. 404(b). But in the event that it is not "intrinsic," the letter claims the evidence is admissible under Rule 404(b).

The first category of evidence explained in the notice relates to an alleged victim, Veronika Biggart. It claims that in 2016 and 2017, Ms. Biggart was provided false bank documentation from an individual named Miguel Arce at Citibank Costa Rica. Thereafter, Ms. Biggart contacted Pierce demanding a return of her money and Pierce requested additional documentation from Mr. Arce for another client.

Second, the government wishes to introduce evidence that Pierce was working with an individual named Marino Marrero in 2017 and 2018. And that Pierce and Mr. Marrero were exchanging false documents from Scotiabank and discussing how to respond to client complaints.

## Argument

### I. The other acts evidence is not "intrinsic" to the acts alleged in the indictment.

The government asserts in its notice that the evidence is "intrinsic" to the charged crimes and, therefore, is not subject to Rule 404(b).

"The District of Columbia Circuit has expressed skepticism about the concept of inextricably intertwined or intrinsic evidence, as distinguished from traditional Rule 404(b) other crimes evidence." *United States v. Sitzmann*, 856 F. Supp. 2d 55, 59 (D.D.C. 2012). The D.C. Circuit, moreover, has rejected the approach of other circuits, which holds that evidence that "completes the story" of the charged crime or "explain[s] the circumstances" of it is "inextricably

3

intertwined." *United States v. Bowie*, 232 F.3d 923, 927, 929 (D.C. Cir. 2000). In *Bowie*, a defendant was charged with possession of counterfeit bills on May 16, 1997. 232 F.3d at 925. The government sought to introduce evidence of another seizure of counterfeit bills from the defendant in April of 1997 that was not charged. *Id*. at 929. Although the incidents were a month apart, were for the exact same crime, and the bills in both crimes "were doubles from the same supplier," the two incidents were not intrinsic. *Id*.

The *Bowie* court recognized that "intrinsic" evidence not subject to Rule 404(b) is: (1) evidence "of an act that is part of the charged offense"; and (2) evidence of "acts performed contemporaneously with the charged crime . . . [that] facilitate the commission of the charged crime." *Id*. at 929.

The proposed evidence in this case is neither. Rather, it is excessively remote, allegedly occurring in 2016, 2017, and 2018, when the allegations in the indictment date to October of 2013, at the latest. (*See* Indictment at ¶ 11). The proposed evidence, therefore, obviously involves different and distinct transactions that are not charged in the indictment. And apart from the time gap, the proposed 404(b) evidence involves a different alleged victim. A different bank—i.e. Citibank in Costa Rica and Soctiabank, as opposed to BPD. It involves different alleged co-conspirators. The proposed 404(b) evidence is not intrinsic.

**II.     The other acts evidence is not admissible under Rule 404(b).**

In considering the admissibility of other acts under Rule 404(b), the Court must determine whether the evidence is probative of some material issue other than character' or propensity. *Sitzmann*, 856 F. Supp. 2d at 61. Under Rule 404(b), material issues include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Here, the government's notice claims that the other acts evidence is admissible to show "intent, knowledge, plan, and lack of mistake."

Not admissible or relevant to show knowledge or intent. The incidents in the government's notice all occurred *after* the crimes alleged in the indictment. Therefore, as a practical reality, the proposed other act evidence cannot establish Pierce's knowledge, intent, plan, or lack of mistake for alleged conduct that occurred before it—i.e. the crimes alleged in the indictment. "[R]arely will an event that occurred subsequent to a charged crime be probative of motive, knowledge, or intent." *United States v. Cowart*, 90 F.3d 154, 158 (6th Cir. 1996); *see also*, *United States v. Boyd*, 595 F.2d 120, 126 (3d Cir. 1978) ("The logic of showing prior intent or knowledge by proof of subsequent activity escapes us"). That is the case here. The other acts evidence, which occurred at least two years after the events charged in the indictment, are irrelevant to intent, knowledge, plan, or lack of mistake.

Furthermore, the other acts evidence is not only temporally distinct, it is too factually distinct to be relevant to a valid 404(b) purpose. The government's notice does not claim that the other acts involve the issuance of allegedly false SBLCs. Instead, the notice claims that the other acts involve false "bank documentation" or "documents." It is not specific to SBLCs, which is the focus of the scheme alleged in the indictment.

### III. The probative value is substantially outweighed by the danger of unfair prejudice.

If other act evidence is probative in relation to a legitimate purpose, the Court then must decide whether the evidence nevertheless should be excluded under Rule 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *United States v. Loza*, 764 F. Supp. 2d 55, 57-58 (D.D.C. 2011).

Again, the issue of time is at the forefront. Even if the government can somehow overcome the logical hurdle blocking the core of its argument—that acts committed *after* those charged in the indictment demonstrate Pierce's knowledge, intent, plan, or lack of mistake regarding those events—this problem certainly weighs heavily against the probative value of this evidence. Meanwhile, the danger of unfair prejudice, including that the jury would convict Pierce of these acts other than those charged in the indictment, or that they will convict based on character,

6

is substantial. So is the danger of undue delay and waste of time. The government should not be permitted to present evidence of two alleged extraneous acts that are of little—if any—relevancy to the crimes charged in the indictment.

## Conclusion

Pierce requests that the other acts evidence outlined in the government's notice of August 16, 2019, be excluded from the trial on the basis of Federal Rules of Evidence 401, 403, and 404(b).

Respectfully submitted,

*/s/ Dan Cogdell*
Dan L. Cogdell
Texas Bar No. 04501500
THE COGDELL LAW FIRM, PLLC
402 Main St., 4th Floor
Houston, Texas 77002
Office:	713-426-2244
Facsimile:	713-426-2255

*/s/ Barry Pollack*
Barry J. Pollack (DC Bar #434513)
Robbins, Russell, Englert, Orseck,
Untereiner & Sauber, LLP
2000 K Street NW, 4th Floor
Washington, DC  20006
(202) 471-3883 phone
(202) 775-4510 fax
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I filed this motion via the Electronic Filing System for the Court, which served electronic notice of filing upon all parties.

*/s/ Dan Cogdell*