# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 18-230 (BAH) |
| | ) | |
| JAMES PIERCE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRETRIAL STATEMENT

Counsel for United States:        Blake Goebel, Trial Attorney
Justin Weitz, Assistant Chief
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, D.C., 20005
(202) 616-5010 (Goebel)
Blake.Goebel@usdoj.gov


Counsel for James Pierce:        Dan Cogdell, Esq.
402 Main St., 4th Floor
Houston, TX 77002
(713) 426-2244
dan@cogdell-law.com

## **TABLE OF CONTENTS**

**SECTION**                                                            **PAGE**

I.      Plea Offer                                                        3

II.     Statement of the Case                                             4

III.    Proposed *Voir Dire* Questions                                    5

IV.     Proposed Jury Instructions                                        14
        A.      Anticipated Jury Instructions During Trial                14
        B.      Final Jury Instructions                                   19

V.      Expert Witnesses                                                  38

VI.     Motions in Limine                                                 39

VII.    Exhibit List                                                      40

VIII.   Stipulations                                                      45

IX.     Verdict Form                                                      52

## I.   **PLEA OFFER**

The government made a written plea offer to the defendant on May 3, 2019, which he rejected on or about June 3, 2019.   The terms are summarized as follows:

The defendant would plead guilty to a single charged count of conspiracy to commit wire fraud (18 U.S.C. s. 1349).   The government would agree to dismiss the remaining two counts of wire fraud (18 U.S.C. s. 1343) upon sentencing.   The government and defendant would agree to the below Guidelines calculation.   The defendant would reserve the right to seek a sentence below the Guidelines range based upon 18 U.S.C. s. 3553(a) factors, and the government would reserve the right to seek a sentence above the Guidelines range based on 18 U.S.C. s. 3553(a) factors if the Court ultimately calculated a Guidelines range below the low end of the agreed Guidelines calculation.   Otherwise, the government would agree to recommend a sentence within the Guidelines range.

The defendant would agree to mandatory restitution and forfeiture of his proceeds from the scheme.   There would be a cooperation provision, and any 5K or Rule 35 motion would be in the government's sole discretion.

Guidelines Range
§ 2B1.1 (base offense level): +7
§ 2B1.1(b)(1)(H) (loss): +14
§ 2B1.1(b)(10) (sophisticated means/ conduct outside United States): +2
§ 3E1.1 (Acceptance of Responsibility): - 3

Total Adjusted Offense Level: **20**
Guidelines Range (no criminal history): **33-41 months**

Defense counsel represents that it communicated the plea offer to Mr. Pierce on May 3, 2019.  It was rejected by him on May 30, 2019.   The Guidelines have been specifically discussed with Mr. Pierce on multiple dates including but not limited to the following dates:

i.    October 31, 2018;
ii.   November 2nd, 2018;
iii.  February 4th, 2019;
iv.   March 22nd, 2019;
v.    May 3rd, 2019;
vi.   May 29th, 2019;
vii.  May 30th, 2019; and
viii. August 30th, 2019.

II.      **STATEMENT OF THE CASE**

This is a criminal case.   The government alleges that in 2011 through 2013, the defendant James Pierce and his alleged co-conspirators told investors that in exchange for payment, Banco Popular Dominicano (or "BPD" for short), a bank in the Dominican Republic, could provide the investors with multi-million dollar letters of credit.   The defendant and his alleged co-conspirators told the investors that BPD would transmit their letters electronically by SWIFT message, which is a secure form of inter-bank communication, to a bank of the investors' choosing.   The investors believed that they could use the letters of credit to help finance different kinds of commercial transactions.   The defendant did not work at Banco Popular and did not have a bank account there. Instead, the government alleges that after the investors paid their money, the defendant and his alleged co-conspirators sent the investors fake BPD documents that falsely showed that BPD had sent their promised letters of credit.

Mr. Pierce contends that he believed his actions were lawful and appropriate. He never intended to defraud anyone and all times he believed his representations to others were accurate and truthful. Mr. Pierce relied in good faith on the representations of others who were participating in the transactions along with him that the letters of credit were genuine and lawful.   Mr. Pierce contends that at no time did he knowingly participate in any criminal activity as alleged in the indictment.

III.     **PROPOSED *VOIR DIRE* QUESTIONS**

### INTRODUCTORY STATEMENT

Ladies and gentlemen, I am Chief Judge Beryl A. Howell, and you have been called to this Courtroom for possible selection as jurors in a case entitled ***United States v. James Pierce.***   Mr. Pierce is charged with the offenses of conspiracy to commit wire fraud and wire fraud.

The process of jury selection is called the *voir dire* process, and its object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case.   In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During the *voir dire* process, you will be introduced to all of the participants in the trial and I will ask you two sets of questions. For the first set of questions, if your answer to any question is "yes," please raise your hand and I will call on you to discuss your answer to this question. The second set of questions contains some questions that are more personal. If your answer to any questions in this set of questions is "yes," please write the number of the question on the note card you have been given. At the end you will be called up to discuss your answers to any questions you have listed on the card.

A.     **Standard *Voir Dire* Questions On Which The Parties Agree**

1.     The defendant has been charged in an indictment.   An indictment is just the formal way of informing a defendant of the nature of the charges against him or her. You are not to consider the indictment as an indication of guilt.   In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt. The burden of proving him or her guilty beyond a reasonable doubt rests with the government - the prosecutors - and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence or produce any evidence, or testify. Now, those principles of

law will underlie the trial of this case. Is there anyone who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?  *If so, please write the number "1" on your index card.*

2.  If it should come to pass after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law—if you are then persuaded by the trial itself that the defendant is guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty. Is there anyone who feels that he or she would be unable to carry out that duty? *If so, please write the number "2" on your index card.*

3.  On the other hand—after you have heard all of the evidence, the arguments of the lawyers, and my instructions on the law—if you then have a reasonable doubt as to the defendant's guilt of the charge, you must vote not guilty. Is there anyone who feels that he or she could not carry out this responsibility?  *If so, please write the number "3" on your index card.*

4.  This is a criminal trial in which Mr. Pierce is charged by indictment with one count of conspiracy to commit wire fraud and two counts of wire fraud.  The alleged conduct relates to allegedly fraudulent standby letters of credit that Mr. Pierce and others provided from Banco Popular Dominicano, a bank in the Dominican Republic.  Are any of you familiar with or believe you may know anything about the facts and circumstances of this case? *If so, please write the number "4" on your index card.*

5.  The government is represented by Trial Attorney Blake Goebel and Assistant Chief Justin Weitz of the U.S. Department of Justice.   Do any of you know Mr. Goebel or Mr. Weitz in any capacity? *If so, please write the number "5" on your index card.*

6.  Defendant Pierce is represented by Dan Cogdell.   Do any of you know Mr. Cogdell in any capacity?   *If so, please write the number "6" on your index card.*

7.      The defendant's full name is James Pierce.   Do any of you know Mr. Pierce in any capacity?   *If so, please write the number "7" on your index card.*

8.      As I stated, I am Chief Judge Beryl Howell.   My courtroom clerk is Ms. Teresa Gumiel. The Court Reporter is _____.   My law clerk is _____.   Do you know me or any member of my staff? *If so, please write the number "8" on your index card.*

9.      Does any member of the panel know any other member of the panel, for example from work, school, socially, prior jury service, or one's neighborhood? *If so, please write the number "9" on your index card.*

10.     The government will call a number of witnesses to testify during the trial.   The defense also may do so, but is not required to call witnesses.   I will read to you a list of witnesses for the government and the defense.   Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you recognize or think that you may know any of the potential witnesses in this case.   [state g*overnment's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?   *If so, please write the number "10" on your index card.*

        Government witnesses:   (the government will submit a separate witness list to the Court and the defense)

11.     [state d*efendant's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?   *If so, please write the number "11" on your index card.*

        Defendant's witnesses:   (the defendant will submit a separate witness list to the Court and the government)

12.     Have you, or any of your family, close friends, or household members, ever worked for or with an office that handles prosecution, such as the U.S. Attorney's Office, the Fraud

Section of the Department of Justice, D.C. Office of the Attorney General, a district attorney's office, state's attorney's office, or an attorney general's office?  *If so, please write the number "12" on your index card.*

13.  Are you, or is any member of your immediate family, any close friends, or household members either presently or previously employed by any law enforcement agency? Law enforcement agencies include any police department, in or outside the District of Columbia, special police officers, correctional officers, Department of Justice, U.S. Marshal's Service, Sheriff's Departments, Internal Revenue Service, U.S. Secret Service, FBI, Bureau of Alcohol, Tobacco, Firearms and Explosives, DEA, U.S. Park Police, the CIA, probation office, parole office, D.C. Superior Court, and the U.S. District Court.  *If so, please write the number "13" on your index card.*

14.  Have you, or any of your relatives, close friends, or household members ever done any work for or with any person or organization that does criminal defense work, such as the Federal Public Defender, the Public Defender's Office, defense attorneys, a private law firm, or as a private investigator?  *If so, please write the number "14" on your index card.*

15.  Are you, or is any member of your immediate family, close friends, or household members either a lawyer or one who studied law in a law school, or had any legal training, including paralegal training? *If so, please write the number "15" on your index card.*

16.  Has any member of the jury panel ever served on a Grand Jury?  *If so, please write the number "16" on your index card.  [Suggested follow-up for those who answer "yes" at the bench: Is there anything about that experience that would make it hard for you to be fair to both sides in this case?  A grand jury investigates cases and charges a person with a crime when there's probable cause to believe the person committed it.  The trial jury*

*decides whether the government has proven the case beyond a reasonable doubt.   You*

*understand the difference, right?   Are you confident you can be fair sitting on a trial jury.]*

17.    Has any member of the jury panel ever served as a juror in a criminal case in a federal

court, a District of Columbia court or in a court located in some other state?   *If so, please*

*write the number "17" on your index card.*

18.    Has any member of the jury panel ever served as a juror in a civil case in a federal court, a

District of Columbia court or in a court located in some other state?   *If so, please write the*

*number "18" on your index card.   [Suggested follow-up for those who answer "yes" at*

*the bench: Without telling us what the verdict actually was, was the jury able to reach a*

*verdict in your case?   Is there anything about that experience that would make it hard for*

*you to be fair to both sides in this case?   (As relevant) Do you understand that the burden*

*of proof in a criminal case is greater than the burden in a civil case?]*

19.    There will be testimony from law enforcement agents in this case. Would the fact that a

witness is an agent have any effect at all on whether or not you believe that person's

testimony?   In other words, would the fact that a witness is an agent make you more likely

to believe his or her testimony?   Or make you less likely to believe his or her testimony?

*If so, please write the number "19" on your index card.*

20.    Have any of you, any members of your family, any close friends, or household members

been a victim of or a witness to a crime? *If so, please write the number "20" on your index*

*card.*

21.    Have any of you, any members of your family, any close friends, or household members

been arrested or convicted of any crime? *If so, please write the number "21" on your index*

*card.*

22.     Have you, or any of your family, close friends, or household members, had any unpleasant experiences with the police or a prosecutor, whether here in D.C. or elsewhere?   Or unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?   *If so, please write the number "22" on your index card.*

23.     Have you, or any of your family, close friends, or household members, ever been the victim or believe you have been the victim of a fraud scheme? *If so, please write the number "23" on your index card.*

24.     Have you, or any of your family, close friends, or household members, ever used "standby letters of credit?" Or are you familiar with the concept of "standby letters of credit?"   *If so, please write the number "24" on your index card.*

25.     Several of the witnesses who may be called during this trial are employees of banks or other financial institutions.   Have you had any experiences that would lead you to consider their testimony differently because of their employment or affiliation?   *If so, please write the number "25" on your index card.*

26.     Do you have any moral, social, political, philosophical, religious, or any other creed or belief that would make it hard for you to sit as a juror in this case?   *If so, please write the number "26" on your index card.*

27.     There have been reported nationwide allegations of various types of misconduct by law enforcement officers that have been publicized on many national television networks, on-line news organizations, and in newspapers.   Do you think that your feelings about the nationwide allegations of police misconduct would make it difficult for you to consider the evidence fairly in this case and to be fair to both sides?   *If so, please write the number "27" on your index card.*

28.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.   Would you have any difficulty at all in following this principle?     *If so, please write the number "28" on your index card.*

29.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.   Would you for any reason not be able to accept and follow my instructions regarding the law?     *If so, please write the number "29" on your index card.*

30.     Are you presently taking any medication, or experiencing any medical condition or other physical, mental, or emotional condition, that might cause drowsiness, confusion, or discomfort, or that might in any way affect your ability to give your full attention to this case? *If so, please write the number "30" on your index card.*

31.     Do you have trouble understanding English, have any vision or hearing problems, or are you sitting next to someone you believe might have trouble understanding English or have vision or hearing problems?     *If so, please write the number "31" on your index card.*

32.     In my courtroom, the jury usually begins its day at _____a.m., and usually ends its day at _____p.m.   We are estimating that we will conclude with jury selection today, _____, and that opening statements and the presentation of evidence will begin on _____.   We expect the trial to conclude by _____, and then of course the time that the jury needs to deliberate will be determined by the jury itself. Are there any matters that you simply must attend to through the end of next week such that you could be faced with a hardship if selected for the jury in this case?     *If so, please write the number "32" on your index card.*

33.    Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, or impartially as a juror in this case, or anything that you think the judge and the lawyers should know about you as they select a jury in this case?   *If so, please write the number "33" on your index card.*

After all questions have been asked, counsel will be asked to approach the bench. Jurors who answered affirmatively to bench questions will be asked to individually come to the bench to answer these questions. If either counsel desires to have any other juror approach the bench for individual *voir dire*, counsel should inform the Court of his or her request before the individual *voir dire* commences.

**IV.**     **PROPOSED JURY INSTRUCTIONS – PARTIES AGREE**

      **A.**     **ANTICIPATED JURY INSTRUCTIONS DURING TRIAL**

The parties jointly request the following case-specific anticipated jury instructions during trial.   Unless otherwise noted, these instructions are taken from the Bar Association of the District of Columbia's Criminal Jury Instructions (commonly referred to as the Red Book), and Modern Federal Jury Instructions – Criminal (Matthew Bender).   Certain bracketed text from the original instructions has been omitted or altered to conform to the facts of this case.

Modern Federal Criminal Jury Instructions 5-12: Charts and Summaries Admitted as Evidence

Red Book 1.103A Translation of Foreign Language Document

Red Book 1.103A Stipulation of Fact (during trial)

Modern Federal Criminal Jury Instructions 5-25: Similar Acts

**CHARTS AND SUMMARIES (ADMITTED AS EVIDENCE)**

The government (or defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Source: Modern Federal Criminal Jury Instructions 5-12.

### TRANSLATION OF FOREIGN LANGUAGE DOCUMENT

I have admitted a document that is in Spanish along with an English translation.

Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript.

If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation provided by the court interpreter and not on your own translation.

Source:   Red Book 1.103A

**STIPULATION OF FACT (during trial)**

The government and the defendant may stipulate--that is, agree--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

Source:   Red Book 1.103A

**SIMILAR ACTS – INTENT, KNOWLEDGE, LACK OF MISTAKE**

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing these acts not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the indictment.

Source: Modern Federal Criminal Jury Instructions 5-25.

B.    **FINAL JURY INSTRUCTIONS**

The parties jointly request the following case-specific final jury instructions.   Unless otherwise noted, these instructions are taken from the Bar Association of the District of Columbia's Criminal Jury Instructions (commonly referred to as the Red Book), and Modern Federal Jury Instructions – Criminal (Matthew Bender).   Certain bracketed text from the original instructions has been omitted or altered to conform to the facts of this case.

Modern Federal Criminal Jury Instructions 19-2, 19-3: Conspiracy to Commit Wire Fraud

Modern Federal Criminal Jury Instructions 19-4: Existence of Agreement

Modern Federal Criminal Jury Instructions 19-6: Conspiracy – Membership in the Conspiracy

Modern Federal Criminal Jury Instructions 19-13: Conspiracy – Liability for Substantive Offense Committed by Co-Conspirator

Modern Federal Criminal Jury Instructions 44-3: Wire Fraud – Elements of the Offense

Modern Federal Criminal Jury Instructions 44-4: Wire Fraud – Scheme to Defraud

Modern Federal Criminal Jury Instructions 44-5: Wire Fraud – Participation in Scheme with Intent

Modern Federal Criminal Jury Instructions 44-7: Wire Fraud – Use of Wires

Modern Federal Criminal Jury Instructions 11-2: Aiding and Abetting

## CONSPIRACY TO COMMIT WIRE FRAUD

The defendant is charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime that was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment; and

Second, that the defendant knowingly and willfully became a member of the conspiracy.

Source: Modern Federal Criminal Jury Instructions 19-2, 19-3.

## CONSPIRACY—EXISTENCE OF AGREEMENT

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Source: Modern Federal Jury Instructions 19-4.

## CONSPIRACY – MEMBERSHIP IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the

23

conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement— that is to say, a conspirator.

Source: Modern Federal Criminal Jury Instructions 19-6.

## CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

There is another method by which you may evaluate the possible guilt of the defendant for Counts Two and Three even if you do not find that the government has satisfied its burden of proof with respect to each element of that crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of wire fraud as charged in Counts Two and Three, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of wire fraud, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators

must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of wire fraud, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime.

Source: Modern Federal Criminal Jury Instructions 19-13.

**WIRE FRAUD – ELEMENTS OF THE OFFENSE**

Counts Two and Three charge defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

Source: Modern Federal Criminal Jury Instructions 44-3.

## WIRE FRAUD – SCHEME TO DEFRAUD

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims, or documents.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (e.g., with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss. In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

Source: Modern Federal Criminal Jury Instructions 44-4.

## WIRE FRAUD – PARTICIPATION IN SCHEME WITH INTENT

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good

faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith. You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme would (e.g., ultimately make a profit for the investors) will excuse fraudulent actions or false representations by him.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

(**If applicable:** The government can also meet its burden of showing that the defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious

32

purpose to avoid learning the truth. If the government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.)

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.   On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

Source: Modern Federal Criminal Jury Instructions 44-5.

## WIRE FRAUD – USE OF WIRES

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between the District of Columbia and Maryland; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.   A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.   The government contends that it was reasonably foreseeable that the wires would be used in the ordinary course of business and therefore that the defendant caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

Source: Modern Federal Criminal Jury Instructions 44-7.

## AIDING AND ABETTING

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime, the government must establish that the defendant acted knowingly, willfully, and with the intent to defraud.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty

Source: Modern Federal Criminal Jury Instructions 11-2.

V.      **EXPERT WITNESSES**

Government:

1.      FBI Forensic Accountant Kyle Dornbos (non-expert summary witness): FBI Forensic Accountant Kyle Dornbos will testify as a non-expert summary witness to the flow of funds from the alleged victims in this case to the defendant and his co-conspirators, and the flow of funds among the co-conspirators.   Dornbos will base his testimony on his review of the underlying bank account and wire transfer records.

## VI.　 <u>MOTIONS IN LIMINE</u>

The government filed a Notice of Intent to Introduce Rule 404(b) Evidence on September 7, 2019.   (Dkt. No. 28).

The defense filed a Motion in Limine to Exclude the Government's Rule 404(b) Evidence on September 13, 2018.   (Dkt. No. 29).

VII.    **<u>EXHIBIT LIST</u>**

The government submits the following preliminary exhibit list, subject to further revision as it prepares for trial.

| Exhibit No. | Description | Beginning Bates Number |
|---|---|---|
| GX 101 | 3/28/2011 e-mail from D. Caminiti to M. Jivraj attaching purported BPD letter of credit | DOJ-110852 |
| GX 102 | 4/2011 e-mail chain between J. Pierce and M. Jivraj regarding Yanez contact information | DOJ-110865 |
| GX 103 | 4/28/2011 e-mail from J. Yanez to J. Pierce and M. Jivraj regarding trust instructions | DOJ-110867 |
| GX 104 | 5/2011 e-mail from M. Jivraj to J. Yanez requesting refund | DOJ-110870 |
| GX 105 | 6/23/2011 e-mail from J. Pierce to M. Jivraj attaching purported BPD document | DOJ-110879 |
| GX 106 | 9/29/2011 e-mail from J. Pierce to M. Jivraj attaching purported BPD document | DOJ-110883 |
| GX 107 | 11/8/2011 email from J. Pierce to M. Jivraj | DOJ-110832 |
| GX 108 | 12/14/2012 email from J. Pierce to M. Jivraj attaching purported BPD letter | DOJ-110836 |
| GX 109 | 11/18/2013 e-mail from J. Pierce to M. Jivraj attaching draft Jivraj affidavit | DOJ-110841 |
| | | |
| GX 200 | Mohajer M.D. Fl. Plea Agreement | DOJ-109556 |
| GX 201 | 5/11/2013 e-mail chain between J. Pierce and M. Mohajer discussing transaction mechanics | DOJ-0005396 |
| GX 202 | 5/13/2013 e-mail chain between J. Pierce and M. Mohajer regarding transfer of funds to Pierce in Costa Rica | DOJ-0005521 |
| GX 203 | 5/13/2013 e-mail from J. Pierce to M. Mohajer attaching disclosure statement | DOJ-0005550 |
| GX 204 | 5/16/2013 e-mail from M. Mohajer to J. Pierce with attachments | DOJ-0006314 |
| GX 205 | 5/17/2013 e-mail from M. Mohajer to C. Cioffi attaching purported BPD document | DOJ-0106653 |
| GX 206 | 6/14/2013 e-mail from M. Mohajer to J. Pierce regarding second C. Cioffi transaction | DOJ-0008284 |
| GX 207 | 6/19/2013 e-mail from M. Mohajer to J. Pierce regarding R. Sommerfeld transaction | DOJ-0008562 |
| GX 208 | 7/3/2013 e-mail from M. Mohajer to J. Pierce regarding issues with R. Sommerfeld transaction | DOJ-0009307 |
| GX 209 | 7/23/2013 e-mail from M. Mohajer to J. Pierce regarding issues with C. Cioffi transactions | DOJ-0009863 |

| GX 210 | 7/29/2013 e-mail from M. Mohajer to J. Pierce regarding second R. Sommerfeld transaction | DOJ-0010005 |
|---|---|---|
| GX 211 | 8/1/2013 e-mail from M. Mohajer to R. Sommerfeld attaching purported BPD document | DOJ-0094542 |
| GX 212 | M. Mohajer Citibank Account statements from May through August 2013 | DOJ-0084718 |
| GX 213 | 8/8/2013 e-mail from M. Mohajer to J. Pierce regarding failed R. Sommerfeld transactions | DOJ-0010341 |
| GX 214 | 8/13/2013 e-mail from J. Pierce to M. Mohajer regarding R. Sommerfeld transactions | DOJ-0010508 |
| GX 215 | 8/15/2013 e-mail from M. Mohajer to J. Pierce regarding failure of R. Sommerfeld transactions | DOJ-0010570 |
| GX 216 | 8/15/2013 e-mail from M. Mohajer to J. Pierce forwarding e-mail sent to R. Sommerfeld | DOJ-0010588 |
| GX 217 | 10/2/2013 e-mail from M. Mohajer to J. Pierce regarding additional purported BPD transactions | DOJ-0011699 |
| GX 218 | 5/16/2013 e-mail from Mohajer to C. Cioffi regarding $160,000 wire transfer. | DOJ-0006235 |
| | | |
| GX 301 | 6/20/2013 e-mail from M. Mohajer to C. Cioffi attaching purported BPD documents | DOJ-0008651 |
| | | |
| GX 401 | 8/15/2013 e-mail from M. Mohajer to R. Sommerfeld re: R. Sommerfeld transaction | DOJ-0010580 |
| GX 402 | 6/25/2013 e-mail from M. Mohajer to R. Sommerfeld attaching purported BPD documents | DOJ-0082368 |
| | | |
| GX 701 | 2/10/2017 e-mail from J. Wheeler to V. Biggart attaching purported Citbank Costa Rica account statement | DOJ-116454 |
| GX 702 | Purported Citibank Costa Rica documents | DOJ-115130 |
| GX 703 | 1/23/2017 Email from K. Williams to V. Biggart with Jpierce Investment bank account information | DOJ-115133 |
| GX 704 | 1/31/2017 e-mail from V. Biggart to K. Williams forwarding purported e-mail received from Citibank Costa Rica | DOJ-115140 |
| GX 705 | 2/14/2017 e-mail from V. Biggart to K. Williams regarding failure of her transactions | DOJ-111317 |

| GX 706 | 6/9/2017 e-mail chain from V. Biggart to J. Pierce and K. Williams regarding failure of her transactions | DOJ-111406 |
|---|---|---|
| GX 707 | 7/7/2017 e-mail from V. Biggart to J. Pierce and K. Williams regarding failure of her transactions | DOJ-111510 |
| | | |
| GX 1001 | Summary Charts of Financial Transactions (Draft) | DOJ-161945, 161950-54 |
| GX 1002 | Jpierce Investments Bank of America Account Records | Various |
| GX 1003 | Jpierce Investments JPMorgan Chase Records | Various |
| GX 1004 | Silverside Group Citibank Account Records | Various |
| GX 1005 | Silverside Group TotalBank Account Records | Various |
| GX 1006 | Mercantil Financial Group Wells Fargo Records | Various |
| GX 1007 | Silverside Group (Yanez) TotalBank Account Statements | DOJ-0099628 |
| GX 1008 | Silverside Group (Yanez) TotalBank Wire Records | DOJ-0099814 |
| GX 1009 | 5/17/2013 Wells Fargo Wire Transfer Record | DOJ-0104311 |
| GX 1010 | 7/29/2013 Wells Fargo Wire Transfer Record | DOJ-0083597 |
| | | |
| GX 1101 | Jpierce Investments Bank of America Documentation (x1413) | DOJ-0086389 |
| GX 1102 | Jpierce Investments Bank of America Documentation (x1594) | DOJ-0086393 |
| GX 1103 | Silverside Group Total Bank Documentation | DOJ-0099549 |
| GX 1104 | Photograph of James Pierce TX Driver's License | DOJ-110980 |
| GX 1105 | Photograph of JPierce Investments Visa Card. | DOJ-110999 |
| GX 1106 | Jpierce Investments, Silverside Group, and Melao, Inc. Incorporation Documents | DOJ-150274 |
| GX 1107 | M. Marrero Wells Fargo Bank Account Documents | DOJ-150763 |
| GX 1108 | Mercantil Financial Group Florida Corporate Documents | DOJ-152731 |
| GX 1109 | 7/5/2017 WhatsApp communications between J. Pierce and M. Arce | DOJ-161957 |
| GX 1110 | 8/3/2017 WhatsApp communications between J. Pierce and M. Arce and attachment | DOJ-152706-7 |
| GX 1111 | 8/31/2017 WhatsApp communications between J. Pierce and M. Arce and attachment | DOJ-161958, 60 |

| GX 1112 | 12/8/2017 WhatsApp communications between J. Pierce and M. Marrero and attachment | DOJ-152716, 152730 |
|---|---|---|
| GX 1113 | 1/26/2018 WhatsApp communications between J. Pierce and M. Marrero | DOJ-161956 |
| GX 1114 | 3/6/2018 WhatsApp communications between J. Pierce and M. Marrero and attachments | DOJ-152708-9, 152717-21 |
| GX 1115 | 5/11/2018 WhatsApp communications between J. Pierce and M. Marrero and attachments | DOJ-152710, 152722 |
| GX 1116 | 6/5/2018 WhatsApp communications between J. Pierce and M. Marrero and attachments | DOJ-152711, 152723 |
| GX 1117 | 6/8/2018 WhatsApp communications between J. Pierce and M. Marrero and attachments | DOJ-152712, 152724 |
| GX 1118 | 6/16/2018 WhatsApp communications between J. Pierce and M. Marrero and attachment | DOJ-152713, 152725 |
| GX 1119 | 6/26/2018 WhatsApp communications between J. Pierce and M. Marrero and attachment | DOJ-152714, 152726-27 |
| GX 1120 | 7/11/2018 WhatsApp communications between J. Pierce and M. Marrero and attachment | DOJ-152715, 152728 |
| GX 1121 | Purported Scotiabank document | DOJ-152701 |

VIII.  **<u>STIPULATIONS</u>**

The parties have agreed to the following three joint stipulations.   The government plans on presenting executed copies of the identity and interstate wire stipulations as exhibits at trial.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CRIMINAL NO. 18-CR-230** |
| **v.** | **:** | |
| | **:** | |
| **JAMES PIERCE** | **:** | |
| | **:** | |
| Defendant. | **:** | |

## STIPULATION

The United States of America, by and through its counsel of record, and defendant James

Pierce, by and through his counsel of record, hereby stipulate that:

The following bank-account records are authentic under Federal Rule of Evidence 901 and

are records of a regularly conducted business activity subject to the hearsay exception of Federal

Rule of Evidence 803(6):

| Bank Account | Description of Records |
|---|---|
| Bank of America Accounts 1413, 1594 | JPierce Investments Account Records |
| JPMorgan Chase Accounts 6628, 0353, 3072 | JPierce Investments and James Pierce Account Records |
| Citibank Account 5018 | Mohammed Mohajer Account Records |
| Wells Fargo Account 3377 | Richard Sommerfeld Account Records |
| Wells Fargo Account 2558 | Coburn and Greenbaum Account Records |
| Citibank Accounts 1466, 7512 | Silverside Group Corp. Account Records |
| Total Bank Accounts 9106, 9320 | Silverside Group Corp. Account Records |
| Wells Fargo Account 5036 | Mercantil Financial Group Account Records |

The parties also agree and stipulate that the following records obtained from the Florida Department of State are authentic under Federal Rule of Evidence 902 and are public records subject to the hearsay exception of Federal Rule of Evidence 803(8):

| Description of Records | Bates Numbers |
| --- | --- |
| Florida Department of State - Mercantil Financial Group Records | DOJ-152731-152736 |
| Florida Department of State – JPierce Investments and Silverside Group Records | DOJ-150274-150285 |

The parties also agree and stipulate that the following records obtained from e-mail service providers are authentic under Federal Rule of Evidence 901:

| E-mail Account | Description of Records |
| --- | --- |
| cpcogroup@gmail.com | Mohammed Mohajer Gmail Account Records |
| manhattanlux@gmail.com | Henry Feld Gmail Account Records |
| avisalliancecapitalllc@gmail.com | Keaven Williams Gmail Account Records |

Finally, the parties agree and stipulate that the records that the government obtained from the defendant's cell phone pursuant to the search warrant issued on August 21, 2018 are authentic under Federal Rule of Evidence 901.   These include records produced by the government to the defendant on September 20, 2018, November 7, 2018, and July 15, 2019 (including DOJ-152701 – 152730).

IT IS SO STIPULATED.

Respectfully submitted,

ROBERT ZINK
Chief, Fraud Section

DATED: September ___, 2019

_____
BLAKE GOEBEL
Trial Attorney

JUSTIN WEITZ
Assistant Chief

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: September ___, 2019                 _____
DAN COGDELL
Attorney for Defendant JAMES PIERCE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 18-CR-230** |
| **v.** | : | |
| | : | |
| **JAMES PIERCE** | : | |
| | : | |
| Defendant. | : | |

**STIPULATION**

The United States of America, by and through counsel of record, and defendant JAMES

PIERCE, by and through his counsel of record, hereby stipulate that defendant JAMES PIERCE

is the individual identified as the defendant in the Indictment, and that the email accounts

jp@jpierceinvestments.com and james@jpierceinvestments.com belonged to the defendant.

IT IS SO STIPULATED.

Respectfully submitted,

ROBERT ZINK
Chief, Fraud Section

DATED: September ___, 2019

_____
BLAKE GOEBEL
Trial Attorney

JUSTIN WEITZ
Assistant Chief

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: September ___, 2019

_____
DAN COGDELL
Counsel for Defendant JAMES PIERCE

49

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 18-CR-230** |
| **v.** | : | |
| | : | |
| **JAMES PIERCE** | : | |
| | : | |
| Defendant. | : | |

## STIPULATION

The United States of America, by and through counsel of record, and defendant JAMES PIERCE, by and through his counsel of record, hereby stipulate that:

1.      The e-mail described in Count Two of the Indictment employed a wire communication that traveled in interstate or foreign commerce.  Specifically, this email was transmitted by wire from a location outside the District of Columbia to a location in the District of Columbia.

2.      The electronic communication described in Count Three of the Indictment employed a wire communication that traveled in interstate or foreign commerce.  Specifically, this bank transfer caused an electronic wire communication from a location in the District of Columbia to a location outside the District of Columbia.

3.      This stipulation constitutes sufficient evidence that, as to Counts Two and Three, the element requiring an interstate wire communication has been proved beyond a reasonable doubt.

        IT IS SO STIPULATED.

Respectfully submitted,

ROBERT ZINK
Chief, Fraud Section

DATED: September   __, 2019

_____
BLAKE GOEBEL
Trial Attorney

JUSTIN WEITZ
Assistant Chief

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: September   __, 2019

_____
DAN COGDELL
Counsel for Defendant JAMES PIERCE

IX.     **<u>PROPOSED VERDICT FORM</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA :**
:                **CRIMINAL NO. 18-230 (BAH)**
**v.**                :
:
**JAMES PIERCE**                :
:
**Defendant.**                :

**VERDICT FORM**

**COUNT 1 (Conspiracy to Commit Wire Fraud)**:

    As to Count 1 of the indictment, charging defendant James Pierce with conspiracy to commit wire fraud pursuant to 18 U.S.C. § 1349, we, the members of the jury, unanimously find Mr. Pierce:

        Guilty_____   Not Guilty _____

**COUNT 2 (Wire Fraud)**

    As to Count 2 of the indictment, charging defendant James Pierce with wire fraud pursuant to 18 U.S.C. § 1343, we, the members of the jury, unanimously find Mr. Pierce:

        Guilty_____   Not Guilty _____

53

**COUNT 3 (Wire Fraud)**

As to Count 3 of the indictment, charging defendant James Pierce with wire fraud pursuant to 18 U.S.C. § 1343, we, the members of the jury, unanimously find Mr. Pierce:

Guilty __    Not Guilty _____

_____                    _____
Foreperson Signature                                            Date

_____
Foreperson Printed Name